Argued and submitted December 13, 1983, reversed and remanded with instructions February 22, 1984

In the Matter of the Compensation of
Robert L. Marvin, Claimant.

MARVIN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(81-06759; CA A28120)

677 P2d 74

─────────────────────

Gerald A. Martin, Bend, argued the cause and filed the brief for petitioner.

Donna Parton Garaventa, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. On the brief was Darrell E. Bewley, Appellate Counsel, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals the decision of the Workers' Compensation Board, which affirmed the referee and held that claimant was not permanently and totally disabled. On *de novo* review, we conclude that claimant has established that he is permanently and totally disabled, and reverse.

Claimant is a 65-year-old man who suffered a compensable injury when he broke his hip in 1978. He has a fifth-grade education and has been employed only in heavy labor. He underwent total hip replacement surgery in September, 1980. Before the injury, he had marked atrophy and partial paralysis in his left leg as a result of polio. Prior to the surgery, he was enrolled in a vocational rehabilitation program, and in August, 1979, DVR terminated him, stating that "[his] condition and age are against employment possibility * * * med. and age not feasible."

After the surgery, in June, 1981, Dr. Mahoney, claimant's treating physician, reported that claimant had some residual anterior left-thigh pain, which was significantly disabling as far as the hip was concerned. He used a cane to walk and could only walk 10 to 15 blocks. He was physically limited in squatting, bending and getting up from a squat, limited to lifting ten pounds and permanently precluded from working at his regular job as a welder. Dr. Mahoney concluded:

"* * * In fact, considering his education level and training, I would imagine that he is pretty much precluded from returning to work at all. * * *"

Orthopedic Consultants examined claimant in October, 1981, and noted that he stated that his left hip hurt more then than it did prior to the hip replacement surgery and that he could not get around as well now as he could before. Orthopedic Consultants stated that claimant could not return to his old job, even with limitations, but might return to a lighter job and should be given vocational rehabilitation. They rated his total loss as moderate.

Our evaluation of the record leads us to conclude that claimant is not only unable to return to his former occupation, but that he is also unsuited for retraining for any other occupation because of his age, physical disability and educational level. If there is a troublesome aspect to this case, it is

that, approximately one month before the hearing, the employer requested that claimant undergo vocational rehabilitation a second time, and he refused. The employer contends that claimant's refusal establishes his lack of motivation and should prevent him from being awarded permanent total disability compensation. It is true, generally, that refusal to accept vocational rehabilitation is strong evidence of lack of motivation to reenter the work force. However, in this case, claimant previously had enrolled in vocational rehabilitation at a time when his condition was less severe than it was in August, 1982, and his counselor concluded that retraining was not feasible because of his medical condition and age. Further, the employer was advised by Orthopedic Consultants in October, 1981, that claimant should be given vocational assistance. Yet, it did not follow that advice until nearly one year later, when, one month prior to the hearing, it attempted to force claimant into a second vocational assessment.

Under all the circumstances, the last minute request of the employer appears to be disingenuous, and we cannot say that claimant's refusal to re-enroll in a rehabilitation program, having been terminated from the earlier effort, establishes a lack of cooperation or motivation on his part. Given the evidence of the severity of claimant's disability, we find that he has established by a preponderance of the evidence that he is permanently and totally disabled as of June 17, 1981, the date of Dr. Mahoney's opinion.

Reversed and remanded for an award of permanent total disability as of June 17, 1981.